Morgan Smith Executive Director Department of Local Affairs 1313 Sherman, Room 518 Denver, CO 80203
Dear Mr. Smith:
This letter is in response to your request, pursuant to section 24-32-1411, C.R.S. (1985 Supp.), for an opinion concerning whether Colorado's statutory provisions relating to the allocation of its private activity bond limit, i.e., sections 24-32-1401 through 24-32-1411, C.R.S. (1985 Supp.), are in conformity with section 621 of the federal "Deficit Reduction Act of 1984," Pub.L. No. 98-369, 98 Stat. 915 (the "federal Act").
QUESTION PRESENTED AND CONCLUSION
Whether Colorado's statutory allocation of the state's private activity bond ceiling among "issuing authorities," as defined in section 24-32-1402(9), C.R.S. (1985 Supp.), is in conformity with the federal Act.
It is my opinion that it is.
ANALYSIS
The Internal Revenue Code, section 103(n), I.R.C. (1985),[1]
limits the total principal amount of private activity bonds, the interest on which is exempt under section 103(a), I.R.C. (1985), which may be issued by a state and its political subdivisions during each calendar year. Included in the definition of private activity bonds are industrial development bonds (defined in section 103(b), I.R.C. (1985)) and student loan bonds (defined in section 103(n)(8), I.R.C. (1985)). Section 103(n)(7)(A), I.R.C. (1985). Although the federal Act established a formula for allocating the state ceiling on private activity bonds among state agencies and other issuers, it permitted states to establish different methods of allocation. Section 103(n)(6), I.R.C. (1985). Sections 24-32-1401 through 1411, C.R.S. (1985 Supp.) were enacted to provide an alternate allocation formula for Colorado.
Pursuant to section 24-32-1403, C.R.S. (1985 Supp.), one hundred percent of the state ceiling has initially been allocated to the state for reallocation as follows:
(1) 40 percent among four statewide issuing authorities[2]
in amounts established by the Department of Local Affairs (the "department"), section 1404(1), C.R.S. (1985 Supp.);
(2) 50 percent among the state's cities, towns, counties and city and county in accordance with population estimates, section 24-32-1405, C.R.S. (1985 Supp.); and
(3) 10 percent to a statewide balance for further allocation in accordance with the provisions of section 24-32-1406, C.R.S. (1985 Supp.).
Your letter indicates that a nonprofit corporation that wishes to issue tax-exempt private activity bonds for the purpose of making student loans has approached the department for an allocation of a portion of the state ceiling. Representatives of the corporation contend that because Colorado's definition of "issuing authority" in section 24-32-1402(9), C.R.S. (1985 Supp.), does not include nonprofit corporations that issue "qualified student funding bonds" pursuant to section 103(e), I.R.C. (1985), Colorado's statutes, which allocate the state's private activity bond limit among the statutorily defined issuing authorities, are more restrictive than and, therefore, not in conformity with the federal Act. Section 24-32-1411, C.R.S. (1985 Supp.) establishes a procedure whereby, based upon my concurrence in the foregoing contentions, the department would be permitted to allocate to such corporation a portion of the state's private activity bond ceiling. It is my opinion, however, that the state statutes are in conformity with the federal Act.
Interest on qualified scholarship funding bonds is exempt from federal income taxation under section 103(a)(2), I.R.C. (1985). "Qualified scholarship funding bonds" are defined in section 103(e), I.R.C. (1985) as obligations issued by a corporation which:
 (1) is a corporation not for profit established and operated exclusively for the purpose of acquiring student loan notes incurred under the Higher Education Act of 1965, and
 (2) is organized at the request of a State or one or more political subdivisions thereof or is requested to exercise such power by one or more political subdivisions. . . .
The authority for the federal tax exemption for interest on qualified student funding bonds existed prior to the amendment by the federal Act of section 103(n), I.R.C. The federal Act provided for the treatment of such bonds "as issued by the Stateor a local issuing authority (whichever is appropriate)" for purposes of private activity bond limit allocation. Section 103(n)(11), I.R.C. (1985) (emphasis added).See also, Treas. Reg. 1.103(n)-3T, A-9 (1985) ("an issuer of qualified scholarship funding bonds . . . is treated for the purposes of section 103(n) as issuing on behalfof the State or political subdivision or subdivisions that requested its organization or its exercise of power to issue bonds.") (Emphasis added).
Federal law authorizes Colorado to allocate the state ceiling among the "governmental units" in the state "having authority to issue private activity bonds." Section 103(n)(6), I.R.C. (1985). Treas. Reg. 1.103(n)-3T, A-5 (1985) defines "governmental unit," for purposes of such authorization, as either a "general purpose governmental unit" or a "special purpose governmental unit." A constituted authority empowered to issue private activity bonds "on behalf of a governmental unit" is specifically excluded from the definition of "governmental unit." Colorado's private activity bond limit allocation to its general purpose governmental units is in accordance with the federal provisions. Assuming the nonprofit corporation in question is acting at the request of a Colorado political subdivision, any qualified student funding bonds issued pursuant to such request must be included within the private activity bond limit allocation made to the requesting issuing authority pursuant to section 24-32-1405, C.R.S. (1985). Section 103(n)(11), I.R.C. (1985).[3]
SUMMARY
Colorado's statutory allocation of its private activity bond limit is in conformity with section 103(n), I.R.C., as amended by the federal Act.
Very truly yours,
 DUANE WOODARD Attorney General
REVENUE BONDS STATUTES MUNICIPAL CORPORATIONS COUNTIES
Sections 24-32-1401 to 24-32-1411, C.R.S. (1985 Supp.)
LOCAL AFFAIRS, DEPARTMENT OF
Colorado's allocation of its private activity bond limit to statutorily defined "issuing authorities" is in conformity with section 103(n), I.R.C. (1985).
[1] For parallel Internal Revenue Code citations see26 U.S.C. § 103 (Supp. 1985).
[2] The Colorado student obligation bond authority, created by section 23-3.1-203, C.R.S. (1985 Supp.); the Colorado Health facilities authority, created by section 25-25-104(1), C.R.S. (1982); the Colorado housing finance authority, created by section 29-4-704(1), C.R.S. (1977); and the Colorado agricultural development authority, created by section 35-75-104, C.R.S. (1984).
[3] The scope of this opinion is limited to the conformity of Colorado's statutes with the federal Act. No opinion is expressed herein concerning whether there is authority, under state law, for a nonprofit corporation to issue qualified student funding bonds on behalf of a Colorado political subdivision.